IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONITHA SCALES, STEPHEN MCNUTT, & PAUL SIMONE, individually, and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>JAY MCGRAW; ERIC WELCH; CREDITSERVE, INC.; MINTO FINANCIAL, d/b/a MINTO MONEY; and JOHN DOES 1-10,<br><br>Defendants. | Case No. 1:24-cv-11575<br><br>Judge: Hon. Manish S. Shah |

**DEFENDANT CREDITSERVE, INC.'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO COMPLAINT**

Defendant CreditServe Inc. ("Defendant" or "CreditServe") hereby respectfully submits this **unopposed** motion for an extension of time for Defendant to answer, move, or otherwise respond to Plaintiffs' Complaint (*see* Dkt. 1, "Complaint") in the above-captioned matter, to and including **January 20, 2025**. In support thereof, Defendant states as follows:

1. Plaintiffs filed their putative class action Complaint in this matter on November 11, 2024. The Complaint names CreditServe as well as two individual defendants associated with CreditServe and represented by the undersigned counsel in this matter, Jay McGraw ("McGraw") and Eric Welch ("Welch"). *See generally* Dkt. 1.

2. Defendant was purportedly served with process on November 13, 2024, which makes its current initial responsive pleading deadline December 4, 2024. *See* Dkt. 8.

3. McGraw and Welsh each waived service of process on November 21, 2024, making their respective current initial responsive pleading deadlines in this matter January 20, 2025.

4. There are several reasons as to why Defendant and its counsel seek and are in need

of an extension of time as to Defendant's aforementioned initial responsive pleading deadline: *First*, Defendant and the undersigned counsel need sufficient time to adequately investigate the underlying facts and allegations in the Complaint, prepare an appropriate responsive pleading(s), and potentially explore an extra-judicial resolution with Plaintiffs, which may obviate the need for Defendants to respond to the Complaint altogether if successful. *Second*, Defendant's counsel have several unmovable professional and personal scheduling conflicts with the current pleading deadline, which make completing the foregoing tasks by the current deadline extraordinarily difficult, if not impossible. *Third*, Defendant is represented by the same counsel as McGraw and Welsh, and thus Defendant desires to have its responsive pleading deadline coincide with their deadline for the sake of judicial and party economy. *Fourth*, Defendant's current deadline is in the middle of the 2024-2025 holiday season, making the current deadline impracticable for all given that briefing on any potential dispositive motion would impact the holidays. *Fifth*, though each denies liability, Defendant, McGraw and Welsh desire to explore an extra-judicial resolution of this dispute with Plaintiffs without incurring additional legal expenses or burdening the Court or its resources, and therefore requires additional time prior to the current deadline to do so. *Sixth,* a short extension will promote efficiency and conserve judicial and party resources, by allowing Defendant sufficient time to investigate the Plaintiff's claims, brief any motions with McGraw and Welsh, and attempt to reach an extra-judicial resolution without engaging in motion practice.

5.   Defendant has not previously requested an extension in this matter.

6.   On November 21, 2024, counsel for Defendant conferred with counsel for Plaintiffs (Matthew J. Goldstein) regarding this Motion prior to its filing, who indicated in writing the same day that Plaintiff has no objection to and does not oppose the requested extension.

7.   The foregoing request is not being made for the purpose of delay, and is made in

good faith and for the purposes of efficiency and judicial and party economy. Since this matter is still in its early stages and Plaintiffs have indicated that they do not oppose, the requested extension will not result in any prejudice to anyone or impact the timely resolution of this case.

8. Thus, "good cause" exists for granting this extension for at least the reasons above.

9. In seeking the foregoing extension, Defendant does not waive, and expressly reserves, all defenses relating to the Complaint, including jurisdictional defenses, any arbitral rights, and the right to move to dismiss or to compel arbitration, if/when appropriate.

WHEREFORE, for these reasons, Defendant respectfully requests that this Court enter an order (i) granting Defendant an extension of time to answer, move, or otherwise respond to the Complaint in this action (*see* Dkt. 1) **to and including January 20, 2025**; and (ii) granting all other relief the Court deems just and proper. A proposed order will be submitted to chambers.

Dated: November 22, 2024          Respectfully submitted,

By: /s/ A. Paul Heeringa

A. Paul Heeringa (IL ARDC #6288233)
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin St., Suite 2600
Chicago, Illinois 60606
Telephone: (312) 529-6308
Email: pheeringa@manatt.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on November 22, 2024, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's electronic docket.

                 /s/ *A. Paul Heeringa*
                 A. Paul Heeringa